IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

CLARENCE ANDERSON, III,           )
                                  )
        Plaintiff,                )
                                  )
v.                                )      CASE NO. 1:25-cv-142-ECM
                                  )            [WO]
TROY MEINK, Secretary of the Air Force,  )
                                  )
        Defendant.                )

**MEMORANDUM OPINION and ORDER**

Plaintiff Clarence Anderson, III ("Anderson"), proceeding *pro se*, brought this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 702 ("APA"), against Secretary of the Air Force Troy Meink (the "Secretary") seeking review of the Air Force Board of Correction of Military Records' ("AFBCMR") denial of Anderson's request for relief relating to a 2015 court martial conviction which resulted in his dismissal from the Air Force. On November 10, 2025, the Magistrate Judge entered a Recommendation that this case be dismissed for lack of subject matter jurisdiction because Anderson failed to timely file this action. (Doc. 17). Anderson timely filed objections to the Recommendation. (Doc. 19). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Anderson's objections, the Court concludes that Anderson's

objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted as modified, and this case is due to be dismissed without prejudice.[1]

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

Anderson objects to the Magistrate Judge's conclusion that the six-year limitations period began to run on February 6, 2019, when the AFBCMR's final decision was issued

---

[1] As the Recommendation explains, "a suit against the United States presents an 'unusual situation' in which subject matter jurisdiction can be precluded by untimeliness." (Doc. 17 at 2) (citing *Compagnoni v. United States*, 173 F.3d 1369, 1370 n.3 (11th Cir. 1999)). Dismissals for lack of subject matter jurisdiction are without prejudice. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232–35 (11th Cir. 2008).

[2] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

in his administrative proceedings.[3]  He insists that the limitations period did not begin to run until February 19, 2019, which is when he claims he received notice by email of the final agency decision.  Upon *de novo* review and consideration of applicable caselaw, the Court concludes that the six-year statute of limitations on Anderson's claim began to run on February 6, 2019, when the AFBCMR issued its final decision. *See Alabama v. PCI Gaming Auth.*, 801 F.3d 1278, 1291 (11th Cir. 2015) (explaining that § 2401(a)'s six-year statute of limitations "begins to run when the agency issues the final action that gives rise to the claim"); *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1280 (11th Cir. 2007) (explaining that an APA action "is barred unless filed within six years of the final agency action" (citing 28 U.S.C. § 2401(a)).  Consequently, this objection is due to be overruled.  Anderson also asserts that the Secretary did not make clear that the final agency decision was issued on February 6, 2019.  However, Anderson does not directly refute the declaration of Janet M. Hutson, an employee of the AFBCMR, which affirms that the final agency decision was issued on February 6, 2019, and also explains why the date does not appear on the decisional document itself. (*See* doc. 12-2 at 1–3, paras. 4–6).  Thus, this objection is also due to be overruled.[4]

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

---

[3] Anderson does not dispute that the applicable limitations period is six years as provided in 28 U.S.C. § 2401(a).  Anderson also does not dispute that the relevant AFBCMR decision was a final decision.

[4] Anderson also complains of the Secretary's alleged failure to respond in this action within sixty days of being served with Anderson's complaint.  The timing of the Secretary's response has no bearing on the Court's conclusion that Anderson filed this action too late.  Therefore, to the extent Anderson intended these arguments to operate as objections to the Recommendation, they are due to be overruled.

1.    Anderson's objections (doc. 19) are OVERRULED;

2.    The Recommendation of the Magistrate Judge (doc. 17) is ADOPTED as modified;

3.    The Secretary's motion to dismiss (doc. 11) is GRANTED to the extent that this case is DISMISSED without prejudice for lack of subject matter jurisdiction;

4.    All other pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 12th day of January, 2026.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE